IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11343
Conference Calendar

_____

PAUL L. RAKISH,

Plaintiff-Appellant,

versus

WILLIAM SWART, DR., Dalhart Medical
Staff; T. REVELL, DR., Clements Unit
Medical Staff; WILLIAM GONZALES, DR.;
JANE DOE; JOHN DOE, MR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-231
--------------------
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Paul L. Rakish, Texas prisoner #840312, appeals the district court's dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Rakish argues that the district court's dismissal was in error because the district court improperly resolved factual disputes against him in violation of Fed. R. Civ. P. 56. He also argues that these disputed factual issues were material to his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims.  Because the district court did not dismiss Rakish's complaint pursuant to Rule 56, his arguments are inapposite. Even if we construe Rakish's brief liberally, see Haines v. Kerner, 404 U.S. 519, 521 (1972), it is inadequate.  Rakish does not cite to specific errors; instead, he makes a conclusional, sweeping statement that he adequately alleged various constitutional violations, including a denial of medical care and a denial of access to the courts.  This is insufficient to preserve issues for appeal.  See Brinkmann v. Dallas County Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  More specifically, we note that Rakish's brief fails to address the district court's reasoning that he had, at most, alleged negligence against the prison doctor and nurse.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (holding that an appellant abandons issues not briefed).[1]

This appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

We caution Rakish that both the district court's and this court's dismissals count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Once he accumulates three strikes, he may not proceed in

---

[1] Rakish has similarly abandoned any argument that the district court erred in dismissing his remaining claims for failure to exhaust his administrative remedies, on the basis of Eleventh Amendment immunity, and because he had no constitutional right to have the prison investigate his various complaints.  See Yohey, 985 F.2d at 225.

<u>forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.